# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Donna Pelfrey,

    Plaintiff,

    v.                                         Case No. 1:08cv605

Commissioner of Social Security,         Judge Michael R. Barrett

    Defendant.

## ORDER

Before the Court is the December 1, 2009 Magistrate Judge's Report & Recommendation ("R&R"). (Doc. 13)

The parties were given proper notice, pursuant to 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).[1] Plaintiff filed timely Objections to the R&R (Doc. 15) and the Commissioner filed a Response to Plaintiff's Objections (Doc. 16).

## I.    PROCEDURAL BACKGROUND

On August 23, 2004, Plaintiff filed applications for SSI and DIB alleging a disability due to chronic back pain, numbness in her right leg, a deformed right hand, an "irregular" right kidney, headaches, and depressive symptoms. Plaintiff's claims were denied, and Plaintiff requested a hearing. The Administrative Law Judge ("ALJ") held a hearing on April 18, 2007, at which Plaintiff appeared and testified along with her mother and a Vocational

---

[1] A notice was attached to the Magistrate's Report and Recommendation regarding objections.

Expert ("VE"). On October 26, 2007, the ALJ entered his decision finding Plaintiff not disabled because Plaintiff could perform a significant number of jobs in the national economy. That decision became the Commissioner's final determination upon denial of review by the Appeals Council.

## II.   MAGISTRATE JUDGE'S REPORT & RECOMMENDATION

In the R&R, the Magistrate Judge recommends affirming the ALJ's finding of non-disability. The Magistrate Judge noted that the ALJ found that Plaintiff had the following severe impairments: chronic back pain due to degenerative disc disease, a deformity of the right hand, borderline intellectual functioning and depression with associated anxiety. The Magistrate Judge also noted that the ALJ found that Plaintiff has the capacity for light work, but is restricted to only occasional bending, squatting, stooping, kneeling, crouching, and crawling, and cannot climb ladders, ropes or scaffolds or otherwise work around hazards. The ALJ also found that Plaintiff is restricted to using her non-dominant right hand for gross assistance only. The ALJ stated that Plaintiff is restricted to performing low-stress jobs which do not involve production quotas, reading skills above a second-grade level, complex or detailed instructions, more than limited contact with co-workers and supervisors or any direct dealing with the general public.

Before the Magistrate Judge, Plaintiff argued that the ALJ made the following errors: (1) the ALJ erred in determining her RFC; (2) the ALJ erred in finding that she was not credible; (3) the ALJ erred in not addressing her IQ in his determination of her ability to perform sedentary work; (4) the ALJ erred when he failed to convey limitations to the vocational expert that were properly identified in the RFC assessment and because he relied on a vocational expert who was unable to give opinions about how Plaintiff's

psychological issues would affect the job base and her ability to work 40 hours a week on a sustained basis; (5) the ALJ erred in failing to make proper credibility findings as to Plaintiff's mother's testimony; and (6) the ALJ erred in failing to have a medical expert ("ME") present at the hearing and did not evaluate the case as a whole in violation of 42 U.S.C. § 1382c(I) and c(G).

After a careful review of the medical evidence in the record, the Magistrate Judge found that the ALJ's RFC was consistent with this evidence. The Magistrate Judge noted that Plaintiff claimed total disability, yet was able to carry out various activities of daily living. The Magistrate Judge found that these contradictions were appropriately reflected in the ALJ's RFC finding. The Magistrate Judge rejected Plaintiff's argument that the ALJ had promised a second hearing with a medical expert after Plaintiff was seen by a consultative examiner, Dr. Vitols.[2] As the Magistrate Judge noted, the ALJ "anticipated" that there would be another hearing and a medical expert "may" be present to testify. Moreover, the Magistrate Judge noted, the ALJ proffered Dr. Vitol's report, but no objections were filed to the report. The Magistrate Judge also found that it was not error that the ALJ did not present Dr. Vitol's findings to a VE because it is the duty of the ALJ to determine the RFC, not the VE. Finally, the Magistrate Judge found that it was not error for the ALJ to not consult a medical expert to interpret Dr. Vitol's report. The Magistrate Judge explained that the report was not confusing and the ALJ's RFC finding was more restrictive than the opinion offered by Dr. Vitol.

As to the second assignment of error, the Magistrate Judge found that the ALJ's

---

[2]The ALJ found that this exam was necessary because the last consultative exam was approximately 2.5 years before the hearing and Plaintiff's condition had worsened since then. (Tr. 442)

credibility finding was entitled to deference.

As to the third assignment of error, the Magistrate Judge cites to the ALJ's written opinion which does address Plaintiff's borderline intellectual deficits and reading skill level.

As to the fourth assignment of error, the Magistrate Judge noted that the VE is not retained to testify about a claimants specific medical condition. Instead, a VE is to advise the judge as to the availability of jobs in the national economy for an individual who has a specific set of functional limitations. The Magistrate Judge found that the VE's testimony was supported by her own personal observations of the jobs she identified and her common sense. Moreover, the Magistrate Judge noted, the VE's testimony was not inconsistent with the DOT job classifications.

As to the fifth assignment of error, the Magistrate Judge noted that the ALJ acknowledged the statements of Plaintiff's mother, but the ALJ was not required to discuss her mother's testimony in detail.

As to the sixth assignment of error, the Magistrate Judge noted that the ALJ properly discounted the opinion of Dr. Deardorff because Dr. Deardorff based his assessment of Plaintiff's work capacity on Plaintiff's subjective complaints.

In her Objections to the Magistrate Judge's R&R, Plaintiff argues that the following errors were made: (1) the limitations found by Dr. Vitols were not discussed by the VE; (2) the ALJ erred in finding that Plaintiff was not credible; (3) the ALJ did not address Plaintiff's IQ in her ability to perform sedentary work; (4) the ALJ failed to convey all the limitations in the RFC to the VE and the VE's testimony has discrepancies with the DOT; (5) the ALJ failed to make proper credibility findings as to the testimony of Plaintiff's mother; (6) the ALJ erred in failing to have a medical expert present at the hearing.

The Court notes that these errors are the same errors Plaintiff argued before the Magistrate Judge, and therefore the Court will only address them briefly.

## III. ANALYSIS

### A. Standard of Review

The Court's review of the Social Security Commissioner's decision is limited to determining whether the findings are supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). The substantial evidence standard presupposes that "there is a zone of choice within which the [Commissioner] may proceed without interference from the court." *Felisky v. Bowen,* 35 F.3d 1027, 1035 (6th Cir. 1994). This "zone of choice" includes resolving conflicts in the evidence and deciding questions of credibility. *Gaffney v. Bowen,* 825 F.2d 98, 100 (6th Cir. 1987). Consequently, this Court should defer heavily to such findings by the Commissioner. *See Barker v. Shalala*, 40 F.3d 789, 795 (6th Cir. 1994). If substantial evidence supports the ALJ's finding of non-disability, that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky,* 35 F.3d at 1035, *citing Mullen v. Bowen,* 800 F.2d 535, 545 (6th Cir. 1986).

### B. Dr. Vitols' report

Plaintiff argues that she was not given an opportunity to discuss the limitations in Dr. Vitols' report with a VE. As the Magistrate Judge explained, Plaintiff could have objected to, commented on, or refuted the evidence, including requesting a supplemental hearing. Moreover, as the Magistrate Judge explained, the role of the VE is not to

independently assess medical facts. Therefore, the Court finds that the Magistrate Judge did not err in finding that the ALJ properly evaluated Dr. Vitols' report in making a determination regarding Plaintiff's RFC.

### C. Credibility finding

Plaintiff argues that the ALJ did not consider Plaintiff's testimony with regard to her ability to use her hands. As the Magistrate Judge noted, the record shows that Plaintiff worked at physically demanding jobs for over eleven years, and as Plaintiff herself testified, she could lift up to twenty pounds. Therefore, the Court finds that the Magistrate Judge did not err in finding that the ALJ's credibility finding is entitled to deference and should be affirmed. *See Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997) ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence.").

### D. Plaintiff's IQ

Plaintiff argues that the ALJ erred in failing to address her IQ in his determination of her ability to perform sedentary work. However, as the Magistrate Judge noted, the ALJ specifically stated: "due to [Plaintiff's] borderline intellectual deficits and depression/anxiety, the claimant is further restricted to performing low stress jobs which do not involve production quotas, reading skills above a second grade level complex or detailed instructions, more than limited contact with co-workers and supervisors or any direct dealing with the general public." (Tr. 41) Furthermore, as the Magistrate Judge noted, Plaintiff successfully completed high school, worked for eleven years, described herself as literate on a disability report, and was able to read well enough to take and pass a written driver's license test.

### E. VE's testimony

Plaintiff argues that the VE was unable to give opinions on how Plaintiff's psychological limitations would effect her ability to work a 40-work week and the jobs identified by the VE in the DOT are inconsistent with the limitations in the hypothetical questions. Specifically, Plaintiff argues that she does not have the manual dexterity to perform these jobs. As the Magistrate Judge explained, the VE's role is to advise the ALJ as to the number of jobs in the national economy for an individual who has a specific set of limitations. Moreover, as the Magistrate Judge explained, the VE was not required to rely upon the DOT, but instead could rely on her own personal observation of jobs and common sense. Therefore, the Court finds that the Magistrate Judge did not err in finding that the ALJ's decision was supported by substantial evidence.

### F. Testimony of Plaintiff's mother

Plaintiff argues that the ALJ failed to make a proper credibility finding as to her mother's testimony. However, as the Magistrate Judge noted, the ALJ was not required to make such a finding. Therefore, the Court finds that the Magistrate Judge did not err in finding that the ALJ properly considered the lay testimony in the record. *Accord Arnett v. Astrue*, 2007 WL 4259553, *3-4 (E.D.Ky. Dec. 3, 2007) (unpublished) (ALJ did not err in failing to expressly discuss lay witness's opinion and the weight that he did or did not accord to it).

### G. Medical expert

Plaintiff argues that the ALJ failed to have a ME testify at the hearing. As the Magistrate Judge explained, the decision whether or not to use a ME is within the discretion of the ALJ. *See* Social Security Administration Hearings, Appeals, and Litigation

Law Manual, § I-2-5-34. The Court agrees with the Magistrate Judge that there is no support to find that the ALJ abused its discretion. Therefore, the Court finds that the Magistrate Judge did not err in finding that the ALJ was not required to hear the testimony of a ME at the hearing.

## IV. CONCLUSION

Upon *de novo* review of this matter, pursuant to 28 U.S.C. § 636, the Court finds no error in the Magistrate Judge's R&R. Accordingly, the December 1, 2009 Magistrate Judge's R&R (Doc. 13) is hereby **ADOPTED.** The Court finds that ALJ's decision is supported by substantial evidence and the decision of the ALJ is affirmed. This matter shall be **CLOSED** and **STRICKEN** from the Court's docket.

**IT IS SO ORDERED.**

                                          */s/ Michael R. Barrett*
                                          Michael R. Barrett, Judge
                                          United States District Court